UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PEMSTAR, INC.,

     Plaintiff/Counterclaim Defendant,

v.                                         CASE NO.  8:08-cv-322-T-23TGW

NAC GROUP, INC.,

     Defendant/Counterclaim Plaintiff/
     Third Party Plaintiff,

v.

TARGET LOGISTIC SERVICES, INC.,

     Third Party Defendant,

v.

ABF FREIGHT SYSTEM, INC.,

     Fourth Party Defendant.
                                               /

## **ORDER**

The pleadings filed in this case allege the following basic facts.  The defendant, NAC Group, Inc., ("NAC") contracted to purchase goods from the plaintiff, Pemstar, Inc., ("Pemstar").  (Doc. 3, ¶ 4)  NAC hired the third party defendant, Target Logistic Services, Inc., ("TLS") to transport the goods from Mexico to NAC's St. Petersburg, Florida, facility.  (Doc. 21, ¶ 3)  TLS contracted with the fourth party defendant, ABF Freight System, Inc., ("ABF") to transport the goods, which allegedly sustained damage en route.  (Doc. 10, ¶¶ 7, 9)

In the circuit court for Pinellas County, Pemstar sues (Doc. 3) NAC for goods sold, open account, and breach of contract.  NAC counterclaims (Doc. 2) against Pemstar for goods sold, open account, breach of contract, and account stated.  NAC filed (Doc. 2) a third party complaint seeking indemnity from TLS.  TLS filed (Doc. 10) a fourth party complaint against ABF for contribution and indemnity.  Removing (Doc. 1) the action pursuant to 28 U.S.C. §§ 1441 and 1446, ABF claims this case presents a federal question because TLS's "claims against ABF are governed by 49 U.S.C. § 14706, which preempts state law claims and provides [TLS's] exclusive remedy."  (Doc. 1, ¶ 3)  ABF states that "[t]he claims raised by [TLS] in the Fourth Party Complaint are separate and independent from the claims previously raised in this action."  (Doc. 1, ¶ 4) TLS, NAC, and Pemstar move (Docs. 14, 15, and 17) to remand.  ABF responds (Doc. 21) in opposition.

The Carmack Amendment to the Interstate Commerce Act, codified at 49 U.S.C. § 14706, "creates a uniform rule for carrier liability when goods are shipped in interstate commerce."  Smith v. United Parcel Serv., 296 F.3d 1244, 1246 (11th Cir. 2002). Although preempting most state law claims, "the Carmack Amendment does not carry such extraordinary power as to transform state law claims into federal claims for purposes of removal jurisdiction."  Circle Redmont, Inc., v. Mercer Transp. Co., Inc., 78 F. Supp. 2d 1316, 1319-20 (M.D. Fla. 1999).  "[T]he Carmack Amendment contemplates state court involvement in the resolution of Carmack Amendment cases thereby suggesting that Congress did not intend for the Carmack Amendment to transform state law claims into Carmack claims."  Circle Redmont, 78 F. Supp. 2d at

1319 (<u>citing</u> 49 U.S.C. § 14706(d)(3) ("A civil action under this section may be brought in a United States District Court or in a State court.")).

Even if the Carmack Amendment applies, which the parties dispute, the Carmack Amendment fails to transform the action's state law claims into federal claims for the purpose of removal. <u>Circle Redmont</u>, 78 F. Supp. 2d at 1319-20. The case fails to present any federal question. The motions (Docs. 14, 15, and 17) to remand are **GRANTED** and this action is **REMANDED** pursuant to 28 U.S.C. § 1447(c). The Clerk is directed to (1) mail a certified copy of this order, pursuant to 28 U.S.C. § 1447(c), to the Clerk of the Circuit Court for Pinellas County, (2) terminate any pending motion, and (3) close the case.

ORDERED in Tampa, Florida, on April 23, 2008.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE